IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SINOMAX USA, INC.,

      Plaintiff,

v.

AMERICAN SIGNATURE INC,

      Defendant.

Civil Action 2:21-cv-3925
Chief Judge Algenon L. Marbley
Magistrate Judge Kimberly A. Jolson

**OPINION AND ORDER**

This matter is before the Court on the parties' Joint Status Report Regarding Discovery (Doc. 35). The dispute is two-sided. Plaintiff wants more from Defendant, and Defendant seeks more information from Plaintiff. For the following reasons, the Court **GRANTS IN PART AND DENIES IN PART** the parties' requests, which the Court treats as Motions to Compel.

**I.    BACKGROUND**

Plaintiff's complaint alleges, in part, trademark infringement under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), (c). (Doc. 25, ¶¶ 29–57). Plaintiff owns the DREAM STUDIO mark and uses it on a variety of goods including mattresses, pillows, and mattress toppers. (Doc. 25, ¶ 9). Defendant registered and uses a mark that Plaintiff says is "similar." (*Id.*, ¶¶ 20, 25). Defendant uses its mark, DREAM STUDIO MATTRESS, to designate a portion of its stores and website where box springs, mattresses, and associated merchandise is sold. (Doc. 35 at 3). It also uses the mark to advertise. (*Id.*). Plaintiff says that Defendant's use of the DREAM MATTRESS STUDIO mark is likely to cause confusion among the public with Plaintiff's DREAM STUDIO mark. (Doc. 25, ¶¶ 25, 35, 40, 47).

The parties ask the Court to resolve several discovery disputes. (Doc. 35 at 1). Plaintiff has one issue involving fourteen requests for production and interrogatories that use the term

"Defendant's Products and Services." (*Id.* at 2). Defendant has six issues involving various requests for production and interrogatories. (*Id.* at 4–7). Regarding Plaintiff's requests, the Court ordered additional letter briefing (Doc. 37), and received the additional briefs via email. The Court now has enough information to resolve the disputes, and they are ripe for review.

**II.    STANDARD**

District courts have discretion over the scope of discovery. *Am. Mun. Power, Inc. v. Voith Hydro, Inc.*, No. 2:17-CV-708, 2019 WL 6251339, at *9 (S.D. Ohio Nov. 22, 2019) (quoting *Pittman v. Experian Info. Sol., Inc.*, 901 F.3d 619, 642 (6th Cir. 2018)). Still, caselaw is clear that the scope of discovery is "extremely broad" and should be "construed liberally in favor of allowing discovery." *Brown v. Mohr*, No. 2:13-CV-0006, 2017 WL 2832631, at *1 (S.D. Ohio June 30, 2017), *aff'd*, No. 2:13-CV-06, 2017 WL 10056799 (S.D. Ohio Nov. 6, 2017) (citing *United States v. Leggett & Platt, Inc.*, 542 F.2d 655, 657 (6th Cir. 1976), *cert. denied* 430 U.S. 945 (1977)). Federal Rule of Civil Procedure 26(b) provides: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." "Relevant evidence" is evidence that "has any tendency to make a fact more or less probable than it would be without the evidence," and "the fact is of consequence in determining the action." Fed. R. Evid. 401. "While relevancy is broad, 'district courts have discretion to limit the scope of discovery [when] the information sought is overly broad or would prove unduly burdensome to produce.'" *Plain Local Sch. Dist. Bd. of Educ. v. DeWine*, 335 F.R.D. 115, 119 (N.D. Ohio 2020) (alteration in original) (quoting *Surles ex rel. Johnson v. Greyhound, Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)). "In short, 'a plaintiff should have access to information necessary to establish her claim, but [ ] a plaintiff may not be permitted to 'go fishing'; the trial court retains discretion.'" *Am. Mun. Power, Inc.*, 2019 WL 6251339, at *9 (quoting *Anwar v. Dow Chem. Co.*, 876 F.3d 841, 854 (6th Cir. 2017)).

While no motion to compel has been filed, the rules that govern such a motion provide guidance on resolving this dispute. Rule 37 permits a discovering party to file a motion for an order compelling discovery if another party fails to respond to discovery requests, provided that the motion to compel includes a certification that the movant has in good faith conferred or attempted to confer with the party failing to respond to the requests. Fed. R. Civ. P. 37(a). And it allows for a motion to compel discovery when a party fails to answer interrogatories submitted under Rule 33 or to provide proper responses to requests for production of documents under Rule 34. *See* Fed. R. Civ. P. 37(a)(1), (3). "The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Gruenbaum v. Werner Enters., Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010) (citation omitted). "When the information sought appears to be relevant, the party resisting production has the burden of establishing that the information either is not relevant or is so marginally relevant that the presumption of broad disclosure is outweighed by the potential for undue burden or harm." *O'Malley v. NaphCare Inc.*, 311 F.R.D. 461, 463 (S.D. Ohio 2015) (quoting *Wagner v. Circle W Mastiffs*, No. 2:08–cv–431, 2013 WL 4479070, at *3 (S.D. Ohio Aug. 19, 2013)).

**III. DISCUSSION**

As noted, the parties have asked the Court to resolve several discovery disputes regarding various requests for production and interrogatories by both parties. (*Id.* at 1).

**A. Plaintiff's Requests**

Defendant refuses to respond to fourteen discovery requests which Plaintiff says are directed at critical issues in this case. The Court concludes that Plaintiff is entitled to this discovery. Defendant is **ORDERED** to produce discovery in response to Plaintiff's requests (Interrogatory Nos. 9–11, RFP Nos. 11–18, 32–34) within **twenty-one (21) days** of the date of this Order.

Plaintiff's requests (Interrogatory Nos. 9–11, RFP Nos. 11–18, 32–34) involve "Defendant's Products and Services," which are "the products and/or services with which the DREAM MATTRESS STUDIO mark has been used, is being used, and is intended to be used in the future." (Doc. 35 at 2). Plaintiff seeks information regarding "Defendant's Products and Services," including:

- the products/services with which the infringing mark is used,
- dates of first use of the mark with each product/service,
- the geographic areas and distribution channels through which those services are advertised, marketed, promoted and/or sold,
- marketing expenditures,
- tactical and strategic plans,
- sales and net profits for those services,
- customer feedback, quality, or any confusion regarding the use of this mark.

(Plaintiff's 2/22/22 Letter Brief, at 4; *see also* Doc. 35 at 2). Plaintiff says this information is relevant to likelihood of confusion, a component of Plaintiff's trademark violation claims, and damages. (*See* Plaintiff's 2/22/22 Letter Brief, at 4).

Defendant refuses to respond to the requests. It says "the requests seek information . . . on products or services 'marketed' or 'sold'[,]" but Defendant does not sell products or services on which the DREAM MATTRESS STUDIO mark is directly affixed. (Doc. 35 at 3). Rather, Defendant uses the mark to designate retail store services it provides, such as organizing and displaying goods in a certain portion of the store or website. (*Id.* at 3). Defendant argues that since there are no services or goods sold using this mark, no revenue or profits are attributable to the mark. (*Id.* at 4).

Plaintiff alleges Defendant's use of the DREAM STUDIO MATTRESS mark infringed on its trademark rights. (*See generally* Doc. 25). Namely, it says the mark, when used in signage and advertisements for Defendant's products, "is likely to cause confusion, deception and mistake among the purchasing public as to the source, approval or sponsorship of the goods bearing or

4

associated with the DREAM MATTRESS STUDIO mark." (*Id.*, ¶ 35). This infringement, Plaintiff says, has caused financial injury. (*Id.*, ¶ 37). Plaintiff therefore requests information to develop its theories of liability and damages. The requests at issue relate to "the products and /or services with which [Defendant's] DREAM MATTRESS STUDIO mark has been used, is being used, and is intended to be used in the future."

The Court easily concludes that the requested discovery is relevant since it seeks information that is central to the allegations and remedies in this case. *See* Fed. R. Civ. P. 26(b)(1). Simply put, additional information about the products associated with the signage and advertising that bore Defendant's mark will make Plaintiff's claim of consumer confusion more or less likely. Plaintiff is entitled to discovery on its claims. Given its centrality, the Court also concludes it is proportional to the needs of the case. In light of the "extremely broad" discovery authorized by the Federal Rules of Civil Procedure, the discovery's clear relevance, and the importance of this discovery to Plaintiff's claims, the Court **ORDERS** Defendant to produce discovery in response to Plaintiff's requests.

Defendant's arguments to the contrary are not persuasive. First, many of Defendant's arguments go to the merits of the case. (*See, e.g.*, Defendant's 2/25/22 Letter Brief, at 1 (describing Plaintiff's failure to provide any evidence of infringement or likelihood of confusion)). Those arguments are premature.

Second, Defendant's position that is does not affix the mark to any goods or services it sells—and thus there is no revenue or profit specifically attributable to its use of the mark—is unavailing. (Doc. 35 at 3). Plaintiff's requests are not limited to goods or services sold, nor are they limited to products affixed with the allegedly infringing mark. (Plaintiff's 2/22/22 Letter Brief, at 1). Rather, Plaintiff's requests relate to goods or services with which the mark has been

5

used, is used, or will be used. (*See* Doc. 35 at 2). This includes the sale of products associated through advertising or signage with Defendant's DREAM STUDIO MARK. So, Defendant's objection mischaracterizes Plaintiff's requests.

Third, Defendant says Plaintiff's demands for sales and profit data are overbroad because the requests are not limited to a geographic area. But Plaintiff has said it sells products in all geographic regions in the United States. It follows that Plaintiff sells in all regions in which Defendant has stores and uses its mark. (Doc. 35 at 5; Plaintiff's 2/25/22 Letter Brief, at 5). So, Plaintiff's requests are not overbroad for lack of a geographic area limitation.

Fourth, Defendant points to perceived deficiencies in Plaintiff's production. (Defendant's 2/22/22 Letter Brief, at 4). The discovery rules "do not permit one party to condition his discovery obligations on the other party's discovery responses." *Grant v. Target Corp.*, 281 F.R.D. 299, 313 (S.D. Ohio 2012) (quoting *Moses v. Sterling Commerce (America), Inc.*, No. Civ.A. 2:99–CV–1357, 2003 WL 23412984, *3 (S.D. Ohio July 1, 2003)). Plaintiff's alleged deficiencies are irrelevant to Defendant's obligation.

Fifth, Defendant says that this discovery is "intrusive" and seeks "non-public, confidential financial information." (Defendant's 2/25/22 Letter Brief, at 1). The Court appreciates Defendant's concern, but there is a Protective Order (Doc. 22) in this case to protect Defendant's information. Thus, this is not a reason to deny discovery.

For the foregoing reasons, Defendant is **ORDERED** to produce discovery in response to Plaintiff's requests (Interrogatory Nos. 9–11, RFP Nos. 11–18, 32–34) within **twenty-one (21) days** of the date of this Order.

B.  **Defendant's Requests**

Defendant asks the Court to resolve six discovery disputes regarding various requests for production and interrogatories. (Doc. 35 at 4–7).

6

*1.     Computation of Damages (Interrogatory No. 3, RFP No. 31)*

Defendant requests production of Plaintiff's computation of damages and documents supporting these damages. (Doc. 35 at 4). So far, Plaintiff has identified two categories of damages—"Defendant's profits and Plaintiff's damages"—but has not disclosed a damages calculation or a methodology it plans to use to make these calculations. (*Id.*). Plaintiff says (1) "its own damages have not yet been calculated, but will be calculated during the expert discovery phase", and (2) "Defendant's profits cannot yet be identified because Defendant refuses to produce sales or profit information." (*Id.* at 5). Defendant, at the very least, wants Plaintiff to disclose the methodology it intends to use to calculate damages based on Defendant's profits. (*Id.* at 4).

Each party in their initial disclosures is required to provide other parties "a computation of each category of damages," Fed. R. Civ. P. 26(a)(1)(A)(iii), based on the information reasonably available to it, Fed. R. Civ. P. 26(a)(1)(E). The party must also disclose documents on which the calculation is based. Fed. R. Civ. P. 26(a)(1)(A)(iii). As discovery proceeds, parties must supplement these initial disclosures "in a timely manner." Fed. R. Civ. P. 26(e)(1)(A). This duty to supplement applies to interrogatory responses and requests for production too. *Id.*

First, regarding the damages category of "Plaintiff's damages," the Court recognizes that Plaintiff plans to use an expert to calculate their damages. Further, Rule 26 "does not require Plaintiff to provide a computation of its actual damages, if it does not have the information required to make this calculation, so long as it diligently works to obtain this information and provides the computation within the discovery period." *Jake's Fireworks, Inc. v. Sky Thunder, LLC*, No. 16-CV-2475-JAR-GLR, 2017 WL 4037705, at *3 (D. Kan. Sept. 13, 2017). But to the extent Plaintiff has damages information—including an estimation of "Plaintiff's damages," documents on which damages computations will be based, or the general computation methodology—Plaintiff is **ORDERED** to produce that information within **twenty-one (21) days** of the date of this Order.

At base, the Court understands that a precise damages calculation may require expert analysis; but in the meantime, Plaintiff should disclose any currently available information on its damages calculation, so that Defendant may assess their risk of exposure.

Next, regarding the damages category of "Defendant's profits," the Court appreciates the co-dependent nature of the calculation—Plaintiff needs discovery from Defendant to calculate these damages. *See G & J Gears Australia Pty. Ltd. v. Rockcrusher USA LLC.*, No. 4:06 CV 2314, 2009 WL 10688912, at *3 (N.D. Ohio Feb. 13, 2009). Yet, if Plaintiff has an estimate or a general methodology it intends to use, the Court **ORDERS** Plaintiff to disclose that information within **twenty-one (21) days** of the date of this Order.

2. *Geographic Areas (RFP No. 20)*

Defendant requests documents identifying "each of the geographic areas where Plaintiff's Goods are sold, marketed, or promoted using the DREAM STUDIO Mark" and the length of time those goods have been sold, marketed, or promoted in those geographic areas. (Doc. 35 at 5). This is relevant, Defendant says, so it can determine in which geographic areas both it and Plaintiff use their marks. (*Id.*). Plaintiff represents that its production demonstrates that it sells products in all geographic regions in the United States through major retailers such as Walmart. (*Id.*).

Since Plaintiff's production shows that it sells products in all the geographic regions in which Defendant has stores, (*See id.*), it is not clear to the Court what additional information Defendant seeks. Thus, the request regarding RFP No. 20 is **DENIED without prejudice**. To the extent Defendant still wants more production on this point, it is **ORDERED** to clarify the request and to consider narrowing the request to the geographic regions in which both Plaintiff's and Defendant's marks are used.

8

> 3. *Requests 3–6 (RFP Nos. 1, 2, 18, 29, 30; Interrogatory Nos. 4, 5, 10)*

Defendant makes several requests to which Plaintiff says it has fully responded. Defendant requests:

- Documents supporting, regarding, or relating to the allegation in paragraph 54 of Plaintiff's complaint (Doc. 35 at 6 (referring to RFP No. 29));
- Information regarding the products or services to which the DREAM STUDIO mark has been used, is used, or is intended to be used along with the date of first use (*Id.* (referring to RFP Nos. 1, 2, and Interrogatory Nos. 4, 5));
- Specific ways Defendant's actions injured Plaintiff's business reputation with supporting documents (*Id.* at 7 (referring to RFP No. 30 and Interrogatory No. 10)); and
- Representative specimens (*Id.*, (referring to RFP No. 18)).

In response, Plaintiff states it has no additional information or documents to produce. (*See id.* at 6–7). Because Plaintiff has fully responded, Defendant's requests regarding RFP Nos. 1, 2, 18, 29, 30 and Interrogatory Nos. 4, 5, 10 are **DENIED as moot**.

### IV. CONCLUSION

For these reasons, the Court **GRANTS IN PART AND DENIES IN PART** the parties' requests (Doc. 35).

IT IS SO ORDERED.

Date: May 2, 2022

/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE

9