IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SINOMAX USA, INC.,

        Plaintiff,

    v.

AMERICAN SIGNATURE, INC.,

        Defendant.

Civil Action 2:21-cv-3925
Chief Judge Algenon L. Marbley
Magistrate Judge Kimberly A. Jolson

**OPINION AND ORDER**

This matter is before the Court on Defendant's Motion for Sanctions (Doc. 71) and Defendant's Motion to Strike (Doc. 93). For the following reasons, both Motions are **DENIED**.

**I.    BACKGROUND**

Plaintiff's complaint alleges, in part, trademark infringement under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), (c). (Doc. 25, ¶¶ 29–57). Plaintiff owns the DREAM STUDIO mark and uses it on a variety of goods including mattresses, pillows, and mattress toppers. (Doc. 25, ¶ 9). Defendant registered and uses a mark that Plaintiff says is "similar." (*Id.*, ¶¶ 20, 25). Defendant uses its mark, DREAM MATTRESS STUDIO, to designate a portion of its stores and website where box springs, mattresses, and associated merchandise is sold. (Doc. 35 at 3). It also uses the mark to advertise. (*Id.*). Plaintiff says that Defendant's use of the DREAM MATTRESS STUDIO mark is likely to cause confusion among the public with Plaintiff's DREAM STUDIO mark. (Doc. 25, ¶¶ 25, 35, 40, 47).

Discovery is this matter has closed (Doc. 62), and the parties have filed dispositive motions (Docs. 65, 70). Plaintiff's use of discovery designated Attorneys' Eyes Only ("AEO") has raised concerns from Defendant, who now asks that Plaintiff be sanctioned for purported violations of the parties' stipulated protective order. (Doc. 71). That Motion has been fully briefed and is ripe

for resolution. (Docs. 81, 91). Defendant also brings a Motion asking the Court to strike Plaintiff's sealed reply in support of its Motion for Summary Judgment. (Doc. 93). That Motion has not yet been fully briefed, but because it contains some fundamental misunderstandings about the nature of Plaintiff's filing, the Court will undertake a swift review of the Motion.

**II.  STANDARD**

Federal Rule of Civil Procedure 37 allows for sanctions when a party "fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a)[.]" Fed. R. Civ. P. 37(b)(2)(A). These sanctions may include, in pertinent part:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;

*Id.* In addition to, or instead of, the above sanctions, a "court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

Separate from the authority to impose sanctions under the Federal Rules of Civil Procedure, the Court has "the inherent power to impose sanctions to prevent the abuse of the judicial process." *Laukus v. Rio Brands, Inc.*, 292 F.R.D. 485, 502 (N.D. Ohio 2013) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–46 (1991) (noting that the inherent power of a court can be invoked even if procedural rules exist that sanction the same conduct)). Before the Court can impose sanctions under its inherent power, it must find that the sanctioned party has acted in bad faith. *Youn v. Track, Inc.*, 324 F.3d 409, 420 (6th Cir. 2003) (citation omitted).

Finally, "[t]he [C]ourt may strike improvident filings based on its inherent authority to manage its own docket." *Sultaana v. Jerman*, No. 1:15-CV-382, 2019 WL 6343475, at *5 (N.D.

Ohio Nov. 27, 2019) (citing *ACLU of Ky. v. McCreary Cty.*, 607 F.3d 439, 451 (6th Cir. 2010)). Using this inherent authority, the Court may "strike any filed paper which it determines to be abusive or *otherwise improper* under the circumstances." *Dowell v. Bernhardt*, No. 3:19-CV-00105, 2019 WL 6909461, at *6 (M.D. Tenn. Dec. 19, 2019) (emphasis in original) (citing *In re Bear Stearns Cos.*, *Securities, Derivative and ERISA Litigation*, 763 F. Supp. 2d 423, 581 (S.D.N.Y. 2011)).

### III.  DISCUSSION

#### A. Motion for Sanctions (Doc. 71)

Defendant argues Plaintiff has violated the stipulated protective order (Doc. 22) entered in this action by public disclosing the contents of financial information exchanged during discovery with an AEO designation. (Doc. 71 at 3–4). Particularly, Defendant says Plaintiff publicly disclosed this information twice: once on July 15, 2022, in an email to the Court; and again on December 15, 2002, in its Motion for Summary Judgment. (*Id.*). Defendant asks that the Court sanction Plaintiff in two ways: (1) by striking the paragraph of Plaintiff's summary judgment brief that purportedly discloses the protected information, under Rule 37(b)(2)(A)(ii)–(iii); and (2) by ordering Plaintiff, its counsel, or both to pay the reasonable expenses and fees Defendant incurred attempting to enforce the protective order, including those incurred in preparing the instant Motion, under Rule 37(b)(2)(C). (*Id.* at 4). Plaintiff disputes that it violated the stipulated protective order in either instance. (Doc. 81 at 5–7). Alternatively, it says that any failure was substantially justified, and Rule 37 sanctions are therefore not warranted. (*Id.* at 7–10). The Court agrees that sanctions against Plaintiff are not warranted.

At the outset, the Court notes that Defendant's reliance on Rule 37 in its request for sanctions is not quite as settled as it suggests. Rule 37(b)(2)(A), by its own language, allows

3

sanctions when a party disobeys an order "to provide or permit discovery[.]" Fed. R. Civ. P. 37(b)(2)(A). Whether this includes a stipulated protective order entered under 26(c) is debatable. Indeed, Rule 37 only specifically enumerates orders entered "under Rule 26(f), 35, or 37(a)[.]" *Id.* Additionally, the advisory committee's note to Rule 37's 1970 Amendment provides that "[v]arious rules authorize orders for discovery--*e.g.,* Rule 35(b)(1), Rule 26(c) as revised, Rule 37(d)" and that "Rule 37(b)(2) should provide comprehensively for enforcement of all these orders." Fed. R. Civ. P. 37 advisory committee's note to 1970 amendment. But some courts have found that this language about orders *for discovery* under Rule 26(c) refers to orders entered when a court denies a "motion for a protective order . . . in whole or in part," and as a result may "order that any party or other person provide or permit discovery." Fed. R. Civ. P. 26(c)(2); *see, e.g., Lipscher v. LRP Publ'ns, Inc.*, 266 F.3d 1305, 1322–23 (11th Cir. 2001).

Defendant primarily relies on *Brown v. Tellermate Holdings Ltd.* for the proposition that 37(b)(2) sanctions are proper for any violation of a protective order. 2015 WL 4742686 (S.D. Ohio Aug. 11, 2015). While true that this Court has previously allowed Rule 37(b)(2) sanctions in connection with violation of a protective order, the Court first noted the differing caselaw on the issue. *Id.* at *6 (collecting cases for and against the applicability of Rule 37(b)(2) to protective orders). More still, the Court explained that the violation of the protective order merely provided "an additional basis for the imposition of Rule 37(b)(2) sanctions." *Id.* The sanctions at-issue stemmed from repeated failures to comply with several of the Court's discovery orders, and the decision to sanction the non-compliant party relied upon collective citation to "Federal Rules of Civil Procedure 26(g)(3), 37(a)(3)(c)(B)(iv), 37(b)(2); 28 U.S.C. § 1927; the Court's inherent authority; and the common law related to the spoliation of evidence." *Id.* at *4.

Regardless, under the standards for sanctions under either Rule 37(b)(2) or the Court's

4

inherent authority, Defendant's Motion fails.

    *i.*    *Significant Violation of the Protective Order is Not Established*

During discovery, Defendant produced detailed financial information regarding its sales profits, and designated such information AEO. (Doc. 71 at 9–13). The parties' stipulated protective order states that material designated AEO may only be disclosed to certain individuals. (Doc. 22, ¶ 12). Further, the order specifies that "Confidential material and the contents of Confidential material" may only be disclosed under certain conditions. (*Id.*, ¶ 8). Defendant maintains that the content of the material designated AEO was publicly disclosed on two occasions: in an email to the Court and in Plaintiff's Motion for Summary Judgment. (Doc. 71 at 4).

First, the Court does not accept that Plaintiff's use of the financial information in its email to the Court constituted public disclosure. Plaintiff, in an effort to present a discovery dispute to the Court for informal adjudication before resorting to formal motion practice, sent an email to the Court in which it included several profit figures from the AEO discovery. Defendant maintains that "[t]he only way to provide information to a court without it being public record is to seek leave from the Court to file it under seal or provide it for *in camera* review, but Plaintiff did neither." (Doc. 91 at 4). The protective order does state that AEO material may be shared with the Court provided that the party "has moved separate from this Order for leave to file the materials under seal and the Court has granted such motion[.]" (Doc. 22, ¶ 12(b)). Formally, Plaintiff did not follow this procedure. But functionally, the Court's email address is often used as a method for *in camera* submission. And Defendant quickly made the Court aware that it did not want the email filed to the public docket. (Doc. 81-6). Indeed, neither the Court nor the parties filed the email to the public docket. Any violation of the protective order on this occasion was therefore

5

minimal, and it would seem Defendant only relies upon the instance now to bolster its second purported violation of the protective order.

Next, Defendant argues that the following paragraph from Plaintiff's Motion for Summary Judgment disclosed the same AEO-designated financial information:

> After being ordered to do so by this Court (see Doc. No. 42, Opinion and Order dated May 2, 2022, Hon. Kimberly A. Jolson, U.S.M.J.), Defendant calculated and disclosed its profits from the bedding products sold in its stores using the DREAM MATTRESS STUDIO mark. At his subsequent deposition about those calculations, Eric Jackson, Defendant's Chief Financial Officer, confirmed that Defendant made a net profit in fiscal year 2021 that increased in fiscal year 2022. Furthermore, Mr. Jackson testified that Defendant is projecting profits for fiscal year 2023.

(Doc. 65 at 18).  In essence, Defendant maintains that because Plaintiff acknowledged the existence of Defendant's net profits, it has revealed the "content" of the AEO-designated discovery, which included two detailed spreadsheets about Defendant's sales and expenses associated with the products using the mark, and the testimony of the chief financial officer who prepared the spreadsheets.  (Doc. 71 at 9–13).  The use of the AEO designation in this litigation was limited to information "so competitively sensitive that the receipt of the information by parties to the litigation could result in competitive harm to the producing entity."  (Doc. 22, ¶ 4).  While the underlying financial data contained in the spreadsheets may satisfy this high standard, the language contained in the summary judgment briefing certainly does not.  This underscores that Plaintiff summarized the facts disclosed in the discovery at a very high level of generality, and the language in the brief does not reveal the sensitive "content" of AEO-designated material such that the parties' expectations under the protective order have been substantively violated.

  *ii.*  *Sanctions Are Not Warranted*

Presuming that the Rule 37(b)(2) standard applies, the Court finds no reason to impose sanctions.  Because the Court finds that there was no significant violation of the protective order,

it will not employ its discretion to enforce the serious sanctions of striking a portion of Plaintiff's Motion for Summary Judgment, or otherwise forbidding it from using the at-issue evidence to support its claims. Further, even if there were *de minimis* violations of the protective order here, the Court must enforce monetary sanctions to remedy such failure "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). "[S]ubstantially justified" has been defined as raising an issue about which "there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." *Doe v. Lexington-Fayette Urban Cty. Gov't*, 407 F.3d 755, 765 (6th Cir. 2005) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). For the reasons detailed above, Plaintiff's position that it was not violating the protective order through either its email to the Court or its Motion for Summary Judgment is a reasonable one. Accordingly, any failure to abide by protective order, if there was any, was substantially justified.

Should the requests for sanctions instead by considered under the Court's inherent authority, they would also fail. The Court does not find that Plaintiff has acted in bad faith. *Youn v. Track, Inc.*, 324 F.3d 409, 420 (6th Cir. 2003).

Finally, in its reply, Defendant asks that if the Court does not strike the paragraph from Plaintiff's Motion for Summary Judgment, it consider sealing it instead. (Doc. 91 at 5). However, the Court finds that the sealing standard is not met. To warrant sealing, Defendant must demonstrate "(1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (citing *Shane Grp., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 305 (6th Cir. 2016)). While a redaction of the paragraph would be narrowly tailored, the Court does not find that Defendant has a compelling

7

interest in sealing the material. Again, the paragraph merely acknowledges the existence of net profits associated with products bearing the at-issue mark, at a very high level of generality. How this might expose Defendant to any competitive harm is uncertain. Still more, there is a public interest in accessing the information. Namely, whether there were profits associated with the purported trademark infringement is a key detail of this litigation, and the information makes this case legible to the public.

Accordingly, Defendant's Motion for Sanctions (Doc. 71) is **DENIED**.

### B. Motion to Strike (Doc. 93)

Defendant asks that Plaintiff's Sealed Reply Memorandum (Doc. 92) in support of its Motion for Summary Judgment be stricken. (Doc. 93). In support, Defendant notes that the reply was filed on March 8, 2023, "seven weeks after the close of summary judgment briefing in this case." (*Id.* at 1). Defendant further characterizes the reply as "a second reply memorandum," filed without leave of Court. (*Id.* at 3). In other words, Defendant appears to be under the apprehension that Plaintiff has filed a "further reply" beyond its initially filed reply (*see* Doc. 87). But in fact, the new filing (Doc. 92) is identical to the first, except that it is an unredacted and sealed version of the earlier filing (Doc. 87), which was publicly filed with redactions.

The first reply was timely filed on January 19, 2023. (Doc. 87). Concurrently, Plaintiff asked to file an unredacted version of the reply under seal (Doc. 86), which the Court granted (Doc. 90). So, contrary to Defendant's representation, the reply is not a "second reply" offering any new support for Plaintiff's Motion for Summary Judgment. Nor was it filed without leave of Court. Accordingly, Defendant's Motion to Strike (Doc. 93) is **DENIED**.

### IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Sanctions (Doc. 71) and Defendant's

8

Motion to Strike (Doc. 93) are **DENIED**.

    IT IS SO ORDERED.

Date: April 3, 2023                         /s/ Kimberly A. Jolson
                                                       KIMBERLY A. JOLSON
                                                       UNITED STATES MAGISTRATE JUDGE